Folger<br>v.<br>Mitchell.

---

## JOSHUA LORING *et al. versus* NEWELL BRACKETT.

One of two joint plaintiffs, who had formerly been partners, having agreed that the action should be discontinued, the other made affidavit that the cause of action was a debt due to the partnership, and that the agreement was made to defraud him by collusion between his co-plaintiff and the defendant, and thereupon the Court refused to order a nonsuit.

ASSUMPSIT. On a motion by *Leland*, that the Court would order a nonsuit, upon an agreement of the plaintiffs that the action should be discontinued —

*S. D. Parker*, in behalf of Loring, objected that the plaintiffs were formerly partners ; that the action was brought to recover a debt due to the partnership ; that Price, the other plaintiff, had made the agreement by collusion with the defendant ; and that the question of fraud must be determined by the jury. In support of these facts he produced Loring's affidavit. He cited Gow on Partn. 76 ; 1 Montag. on Partn. 108.

*Leland* remarked that the affidavit stated only that the de fendant was indebted to the partnership ; that it did not appear that Loring himself was not likewise indebted to it ; and that when a partnership is dissolved, any debtor may settle with either of the partners and obtain a discharge.

*Parker*, in reply, said that Loring could make affidavit that Price was indebted to the partnership ; and he compared this case to those in which a release after an assignment has been set aside.

*Per Curiam.* We think we ought not to order a nonsuit ; but the defendant will have an opportunity, when the cause shall be tried, of showing what effect should be given to the agreement in question.[1]

*March* 11th

---

[1] *Eastman v. Wright*, 6 Pick. 323.